# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

SAMMIE MADDEN                                                                    PETITIONER
ADC #142944

v.                                          5:09-cv-00189-SWW-JJV

LARRY NORRIS, Director,                                                          RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
500 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Now before the Court is the Petition for Writ of Habeas Corpus (Doc. No. 2) pursuant to 28 U.S.C. §2254 of Sammie Madden, an inmate in the custody of the Cummins Unit of the Arkansas Department of Correction (ADC).

## I. BACKGROUND

Mr. Madden pled guilty to first-degree murder, aggravated robbery, and attempted first-degree murder. He was sentenced to 50 years in the ADC, with ten years of that sentence suspended by the Pulaski County Circuit Court. Under Arkansas law, because Mr. Madden pled guilty, he could not directly appeal his conviction or sentence.

Petitioner subsequently filed a petition for post-conviction relief under Rule 37 alleging: (1) he did not understand the facts or law and circumstances about his case; (2) his attorney failed to make a counter-offer during plea negotiations and the sentence he received was in excess of the sentencing guidelines; (3) his counsel was ineffective for failing to suppress a custodial statement made without a knowing and intelligent waiver of his Miranda rights; and (4) his attorney was ineffective for failing to hire an independent DNA expert to examine evidence found near the scene

2

of the crime. (Doc. No. 10, Ex. 2 at 1-3). The Pulaski County Circuit Court entered an order denying Mr. Madden's Rule 37 petition on March 18, 2009. (*Id.*). The Petitioner did not seek any further appeals.

Mr. Madden filed the instant habeas petition on July 1, 2009. He argues he is entitled to habeas relief for three reasons: (1) his counsel was ineffective for failing to suppress a custodial statement; (2) his counsel was ineffective for failing to make a counter-offer during plea negotiations; and (3) his counsel was ineffective for failing to hire an independent DNA expert. (Doc. No. 2).

## II. ANALYSIS

### A. Exhaustion

Under 28 U.S.C. § 2254(b), a state prisoner must exhaust available state court remedies before raising a claim in a federal habeas corpus proceeding. 28 U.S.C. § 2254(b)**.** This exhaustion requirement is in place to afford the state courts the opportunity to correct any constitutional errors before the federal courts intervene. *Lenza v. Wyrick*, 665 F.2d 804, 807-8 (8th Cir. 1981); *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation") (citations omitted). State court remedies are considered to have been exhausted when they are no longer available, regardless of the reason for their unavailability. *Woodford v. Nqo*, 548 U.S. 81, 92-3 (2006); *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993) (A claim is considered exhausted only when the claimant has afforded the "highest state court a fair opportunity to rule on the factual and theoretical substance of his claim").

In this case, Petitioner filed a timely Rule 37 petition challenging that his guilty plea was not

intelligently and voluntarily entered and that his counsel was ineffective for the same reasons set forth in the instant habeas petition. These arguments were squarely rejected by the Pulaski County Circuit Court. After his Rule 37 petition was denied, Mr. Madden had the right to appeal the decision. He did not. Therefore, he has failed to exhaust his available state court remedies. However, as Respondent correctly points out, under the Arkansas Rules of Appellate Procedure-Criminal Rule 2(a)(4), Petitioner only had "thirty (30) days from the date of entry of an order denying a petition for post-conviction relief" to file an appeal. (Doc. No. 2 at 10). Petitioner has obviously passed this 30 day deadline, so any attempts to exhaust his state court remedies would be futile. Therefore, we will address the arguments on the merits.[1]

### B. Ineffective Assistance of Counsel

For a habeas petitioner to prevail on an ineffective assistance of counsel claim, the petitioner must demonstrate a lack of reasonable performance of counsel and prejudice resulting from the unreasonable representation. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In conducting this review, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. Under the performance prong, the petitioner must be able to prove that his lawyer's performance was unreasonable and not valid trial strategy. *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986); *Thai v. Mapes*, 412 F.3d 970, 978-79 (8th Cir. 2005). Counsel's "strategic choices made after a thorough investigation are virtually unchallengeable" in a later habeas corpus action. *Strickland,* 466 U.S. at 689. To satisfy the

---

[1] Respondent argues that "Petitioner's failure to timely perfect his Rule 37 appeal constitutes an adequate and independent state ground to bar federal habeas review." However, the Court rejects this argument. A federal court is precluded from considering a habeas corpus claim that a "state court has disposed of on independent and adequate non-federal grounds, including state procedural grounds." *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004); (citing *Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir. 2002). Because Petitioner never filed an appeal, his argument has not been adjudicated by the state's highest court.

4

prejudice prong, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Armstrong v. Kemna*, --- F.3d ---, 2010 WL 10389 (8th Cir. 2010) (citations omitted). "A reasonable probability is one sufficient to undermine confidence in the outcome. *Id*. A habeas petitioner claiming ineffective assistance of counsel after a guilty plea must establish that "but for counsel's errors, (s)he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Moreover, the law places the burden on the petitioner to disprove the factual findings of the state court. "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

*1.    Counsel was ineffective for failing to suppress a custodial statement.*

Petitioner argues that he did not knowingly and intelligently waive his Miranda rights. He contends that "because his attorney did not provide a defense of any kind, whereas a motion to suppress Petitioner's statement would have been the proper defense, the Petitioner was coerced into pleading guilty." (Doc. No. 2 at 16). This argument appears to be moot because Petitioner concedes that his original attorney at the beginning of his case did file a motion to suppress Petitioner's statement. Petitioner states, "[t]he record should reflect that Attorney J. Blake Hendrix was the attorney of record at the outset of Petitioner' case at bar. However, Mr. Hendrix had to withdraw because of a conflict with one of the state's witnesses.' Moreover, Mr. Hendrix did in fact file a motion to suppress the Petitioner's statement." (Doc. No. 2 at 16). However, because Respondent did not address this argument, the Court will consider the merits of Petitioner's claim.

5

In its Order regarding Petitioner's Rule 37 petition, the Pulaski County Circuit Court, addressing the instant argument, held that Petitioner's allegation that his counsel was ineffective for failing to suppress a custodial statement made without a knowing and intelligent waiver of his Miranda rights was "not properly raised in a Rule 37 petition challenging a guilty plea. By pleading guilty, the [Petitioner] waived the right to challenge the voluntariness of his confession."[2] (Doc. No. 10, Ex. 2 at 2).

While it is not obvious as to whether Petitioner's motion to suppress was granted, denied, or caused to be moot by his entrance of a guilty plea, Petitioner's argument appears to be precluded by the fact that a motion to suppress was in fact filed. Therefore, he cannot make an argument that his counsel was ineffective for not filing such a motion.

Nevertheless, Petitioner has failed to meet the burden required in *Strickland* to prove his counsel was ineffective. "The failure to move for suppression of evidence is a common trial tactic..." *United States v. Meyer*, 417 F.2d 1020, 1024 (8th Cir. 1969). As discussed above, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable..." *Strickland*, 466 U.S. at 690. As the facts are presented to this Court, a motion to suppress had actually been filed in Petitioner's case and counsel may have assumed that filing another motion would be futile. Furthermore, Petitioner has offered no evidence that had the motion been granted he would not have pleaded guilty to the charges.

>    2.    *Counsel was ineffective for failing to make a counter-offer during plea negotiations.*

Mr. Madden claims that trial counsel provided ineffective assistance of counsel when trial

---

[2] "A defendant's knowing and intelligent guilty plea forecloses independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *United States v. Vaughan*, 13 F.3d 1186, 1187-88 (8th Cir. 1994) (citations omitted).

counsel coerced him into accepting an illegal sentence without making a counter-offer and that his "obligation was to make sure that the plea extended by the state was within the sentencing guidelines..." (Doc. No. 2 at 18).

It is clear from the Pulaski County Circuit Court's order that Petitioner's plea bargain reduced two of the charges against Petitioner from capital murder and attempted capital murder, to first-degree murder and attempted first-degree murder. (Doc. No. 10, Ex. 2 at 2). The circuit court went on to explain that:

> [h]is attorney's obligation regarding plea negotiations was to make certain that any plea offer extended by the State was communicated to the [Petitioner], which he obviously did. If the [Petitioner] was dissatisfied with the plea offer, he was not obligated to accept it and he could have proceeded to trial on the original charges. That the sentences imposed exceeded the sentencing guidelines does not render the negotiated plea entered by the [Petitioner] subject to collateral attack. The [Petitioner] knew precisely the sentences and concessions he had bargained for and in fact received. This allegation does not warrant relief.

(*Id.*).

The Court concludes that counsel's performance did not fall below a professional standard of reasonableness. The record indicates that trial counsel tried to further Petitioner's interest in not having him face a capital murder and attempted capital murder charge, thereby, being eligible for a much more severe sentence.

Petitioner has offered no evidence to prove that had his counsel countered with a different offer, the trial court would have accepted such a plea negotiation.[3] Furthermore, Petitioner has not

---

[3]*See United States v. Regenos*, 405 F.3d 691, 693 (8th Cir. 2005) ("Claims of ineffective assistance of counsel arising from plea negotiations are reviewed under the two-part test laid out in *Strickland v. Washington,* 466 U.S. 668 (1984). *Hill v. Lockhart,* 474 U.S. 52, 57 (1985). "Thus, in order to prove her claim, [Petitioner] must show both that her counsel's performance was deficient-that her 'counsel's representation fell below an objective standard of reasonableness'-and that such deficient performance prejudiced her defense-that there is 'a reasonable probability that, but for [her] counsel's unprofessional errors,' the result of the plea negotiation process would have been different." *Strickland,* 466 U.S. at 687-88.

shown evidence that he sought to reject the offer and his counsel coerced him into accepting it. The Petitioner pled guilty knowing full well the sentence he would receive. He has failed to show that his trial counsel's failure to counter the plea offer prejudiced his defense.

       *3.*       *Counsel was ineffective for failing to hire an independent DNA expert.*

Petitioner argues that "counsel should have hired an independent expert to test the DNA evidence. Petitioner alleges that [had] his attorney properly defended him; such as (suppress [P]etitioner's statement and not coerced him into pleading guilty), identity would have been very important in this case, whereas, an independent expert would have been the proper defense to oppose the DNA findings." (Doc. No. 2 at 17). The Pulaski County Circuit Court, in addressing this same argument, found that "[i]dentity was not at issue in this case. The [Petitioner] admitted to being present at the scene and committing the offenses charged. His attorney was not ineffective for failing to have the blood independently analyzed." (Doc. No. 10, Ex. 2 at 3).

Again, Petitioner has failed to prove that his counsel's representation fell below an objective standard of reasonableness. He has not shown any prejudice because he has not shown a reasonable probability that had a separate DNA analysis been conducted, the result of the proceeding would have been different. Because Petitioner pled guilty, thereby admitting his presence at the scene, his trial counsel had no duty to hire an independent DNA expert.

8

## III. CONCLUSION

For the foregoing reasons, it is recommended that Mr. Madden's petition (Doc. No. 2) be DISMISSED with prejudice and the relief requested be DENIED.

DATED this 22nd day of January, 2010.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE